ISABELLA MUNROE, Administratrix, *vs.* PROVIDENCE PERMANENT FIREMEN'S RELIEF ASSOCIATION.

Under the by-law of a benefit society which provided that on the death of a member the treasurer should pay from the funds of the association the sum of $1000 within five days from the death of the member to his widow, child or children, parent or parents, brother or brothers, sister or sisters, in whole or in part, such proportions to each as the same shall have been assigned or made payable by notice in writing from the member, filed with the secretary prior to the decease of the member, the association is liable in any event to pay to the widow, child or children, or other person or persons of the designated classes and in the order named, the whole sum specified in the by-law, unless the deceased by his assignment or notice in writing filed prior to his decease with the secretary, shall have designated the person or persons of the classes named who are to receive the fund, or the proportions in which it is to be distributed among them, in which event the fund is to be paid or distributed as directed in the assignment or notice.

ASSUMPSIT. Certified from the Common Pleas Division, jury trial being waived.

This is an action to recover from the defendant, a benefit society, money claimed to be due from it by reason of the death of Frank H. Munroe, who was at the time of his decease, a member of the association. See Index RR. p. 182.

*June* 8, 1896. MATTESON, C. J. The only defence to the action which is urged is that the deceased, Frank H. Munroe, did not in his lifetime assign or make payable by notice in writing filed with the secretary of the defendant, the sum of one thousand dollars, to recover which the suit is brought, or any part of it, to any person. We do not think that the defence can avail. Article 11 of the by-laws, under which the defence is claimed, provides that, on the death of a mem-

ber in good standing, there shall be appropriated from the funds of the association one thousand dollars, and that the treasurer shall pay it, within five days from the death of the member, to his widow, child or children, parent or parents, brother or brothers, sister or sisters, in whole or in part, in such proportions to each as the same shall have been assigned or made payable by notice in writing from the member, filed with the secretary prior to the decease of the member. We are of the opinion that a proper construction of this by-law makes the association liable in any event to pay to the widow, child or children, or other person or persons of the classes named, and in the order named, the whole sum specified in the by-law, unless the deceased, by his assignment or notice in writing filed prior to his decease with the secretary, shall have designated the person or persons of the classes named who are to receive the fund, or the proportions in which it is to be distributed among them, in which event, of course, the fund is to be paid or distributed as directed in the assignment or notice.

We give judgment for the plaintiff for one thousand dollars, with interest from the expiration of five days after the date of the death of the deceased, to wit, from October 16, 1894.

*Cyrus M. Van Slyck & Charles C. Mumford*, for plaintiff.
*Francis Colwell & Samuel Norris, Jun.*, for defendant.